**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-7315**

WILLIAM RICHARD HUNT,

             Petitioner - Appellant,

        v.

LEROY CARTLEDGE,

             Respondent - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Terry L. Wooten, District Judge.
(0:09-cv-01444-TLW)

Submitted:  May 23, 2011              Decided:  August 9, 2011

Before KING, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tara Dawn Shurling, Columbia, South Carolina, for Appellant.
Alan Wilson, Attorney General, John W. McIntosh, Chief Deputy
Attorney General, Donald J. Zelenka, Assistant Deputy Attorney
General, Alphonso Simon, Jr., Assistant Attorney General,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Richard Hunt appeals the district court's judgment adopting the recommendation of the magistrate judge and granting summary judgment in favor of the State and dismissing Hunt's 28 U.S.C. § 2254 (2006) petition for a writ of habeas corpus. He argues on appeal that he received constitutionally ineffective assistance of counsel both at his suppression hearing and at his South Carolina trial for marijuana trafficking and possession of a weapon during the commission of a violent crime. Finding no error, we affirm.

Hunt was indicted after a confidential informant told law enforcement he frequently purchased marijuana from Hunt, and that Hunt had a toolbox in his garage containing significant quantities of the drug. Drug Enforcement Administration ("DEA") Special Agent Michael Marbert directed the informant to make two controlled purchases of marijuana from Hunt. After the purchases were made, Marbert applied for a search warrant for Hunt's home, describing in his affidavit the controlled purchases, and also stating that he had interviewed Hunt's neighbors who had informed him that Hunt was unemployed.

The magistrate judge issued the search warrant, and on a search of Hunt's home, law enforcement officers discovered over fifteen pounds of marijuana hidden in the toolbox as described by the informant. In addition, law enforcement

2

located a .357 pistol by Hunt's bed, over $51,000 in cash, and various items of drug paraphernalia. Hunt moved to suppress the evidence, but at a hearing on the motion, counsel did little more than cross-examine Marbert on his relationship with the informant. The motion was denied, and Hunt was ultimately convicted and given a twenty-five year sentence.

While Hunt did not appeal, he did move for post conviction relief ("PCR") in South Carolina courts. He argued, in pertinent part, that trial counsel was ineffective for failing to investigate Marbert's claims, that Marbert had allegedly provided misleading information to the magistrate judge in support of the warrant application, and that counsel had failed to rebut certain evidence adduced at trial regarding his income. The PCR court denied relief, and Hunt was unsuccessful in challenging that result on appeal.

Hunt petitioned the district court pursuant to 28 U.S.C. § 2254 (2006) for a writ of habeas corpus. He made the same ineffective assistance claims that were rejected by the PCR court. The magistrate judge recommended denying relief, and the district court adopted that recommendation. The court also granted a certificate of appealability and this timely appeal followed.

We review de novo a district court's decision on a petition for a writ of habeas corpus based on a state court

3

record.  Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008).  A state court's fact determinations are presumed correct, and the § 2254 petitioner bears the burden of rebutting this presumption by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  Relief is available under § 2254 only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court decision is "contrary to" clearly established federal law if the state court "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  A state court decision is an "unreasonable application" of such precedent if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.

In order to succeed on his ineffective assistance of counsel claims, Hunt must satisfy the two-prong test set out in Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Under the first prong of Strickland, Hunt must demonstrate that

4

counsel's performance "fell below an objective standard of reasonableness" under prevailing professional norms.  <u>Id.</u> at 688.  To satisfy the second prong of <u>Strickland</u>, Hunt must show a reasonable probability that, but for counsel's unprofessional errors, "the result of the proceeding would have been different."  <u>Id.</u> at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  <u>Id.</u>

## I.  Suppression

Hunt first claims that counsel was ineffective for failing to mount a sufficient challenge to the basis for the search warrant at the suppression hearing.  In reviewing the validity of a search warrant, the relevant inquiry is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding there was probable cause to issue the warrant.  <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983); <u>United States v. Grossman</u>, 400 F.3d 212, 217 (4th Cir. 2005). "When reviewing the probable cause supporting a warrant, a reviewing court must consider only the information presented to the magistrate who issued the warrant."  <u>United States v. Wilhelm</u>, 80 F.3d 116, 118 (4th Cir. 1996).  We afford "great deference" to a judicial probable cause determination.  <u>United States v. Hodge</u>, 354 F.3d 305, 309 (4th Cir. 2004).

5

If the affidavit for a search warrant is alleged to contain false statements, a court must conduct the analysis set forth in Franks v. Delaware, 438 U.S. 154 (1978). In order to obtain an evidentiary hearing on the affidavit's integrity, a defendant must first make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." Id. at 155-56. Additionally, the false information must be essential to the probable cause determination: "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990) (quoting Franks, 438 U.S. at 171-72).

Even assuming that Hunt is correct that Marbert misrepresented his interactions with Hunt's neighbors regarding Hunt's employment status, we easily conclude that the remainder of the warrant application demonstrates probable cause. Law enforcement officers coordinated two controlled purchases of marijuana from Hunt. The informant was able to provide specific details about the location and source of Hunt's marijuana. In addition, the controlled purchases were recorded and the informant arranged for the purchases with Hunt over the phone in

6

the presence of law enforcement.  On these facts, and keeping in mind our deferential review of the state court judgment, we conclude the district court properly denied relief.

## II.  Trial

Hunt next claims that counsel was deficient at trial for failing to impeach Marbert and failing to rebut evidence that he had no legitimate income.  In light of the overwhelming evidence adduced against Hunt, however, we find this claim without merit.  Law enforcement officers seized fifteen pounds of marijuana, paraphernalia, and significant quantities of cash from Hunt's home.  Even if counsel had pursued the strategy Hunt now suggests, we cannot conclude that the PCR court unreasonably applied federal law by determining that the jury's verdict would have remained unchanged.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED